UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Local 894 Laborers' Int'l Union of N.A., et al., ) | |
| ) | CASE NO. 5:12CV248 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| American Roadway Logistics, Inc., et al., ) | <u>ORDER</u> |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendants' motion to disqualify Plaintiffs' counsel.[1] Plaintiffs have opposed the motion, and Defendants have replied. The motion is DENIED.

"A court should only disqualify an attorney when there is a reasonable possibility that some specifically identifiable impropriety actually occurred." *Moses v. Sterling Commerce (America), Inc.*, 122 Fed. Appx. 177, 183-84 (6th Cir. 2005) (quotation and citation omitted). "Courts must be vigilant in reviewing motions to disqualify counsel as the ability to deny one's opponent the services of capable counsel is a potent weapon that can be misused as a technique of harassment." *Id.* at 183 (quotations, citations, alterations omitted).

In the instant matter, Defendants American Roadway Logistics, Inc., John Claxton, and Heidi Claxton (collectively "ARL") allege that the Mangano Law Office must be disqualified in this matter due to alleged ethical conflicts that were created during settlement negotiations between Local 894 and ARL. Specifically, ARL contends that Local 894 offered to settle its FLSA claims in exchange for expanding the union portion of ARL's business. ARL contends that as a result, Local 894 and its counsel, the Mangano Law Office, effectively agreed to abandon the

---

1 For ease, Plaintiffs will collectively be referred to as Local 894.

claims of individual employees in order to enrich the union. Based upon these allegations, ARL contends that the Mangano Law Office cannot now represent the individual employees, the collective class, and Local 894 as this matter progresses. The Court disagrees.

Initially, the Court would note that the motion to disqualify has an argument section entitled "The Selling of Employee FLSA Rights in Exchange for Union Representational Rights." The title is not only highly inflammatory; it is both factually and legally inaccurate. The evidence presented by *the moving party, ARL,* demonstrates only that Local 894 negotiated with ARL on behalf its members. As a representative body, Local 894 was obligated to pursue the best interests of a majority of its members. During pre-suit negotiations, with the consent of its members, Local 894 offered to forgo *its* rights to pursue an FLSA action in exchange for a new collective bargaining agreement that would have added a new worker classification, yard employee, expanding the union occupations at ARL.

While ARL contends that employee rights were being "sold," it acknowledges, as it must, that no rights could be sold. That is to say, even if Local 894 desired to somehow waive the FLSA rights of its members, it legally could not. *See* 29 U.S.C. § 216(c) (allowing individual's FLSA claims to be settled solely by approval from a district court or the Secretary of Labor). Furthermore, there is no dispute that ARL's counsel was well aware of the fact that these employee rights could not be waived by Local 894. Instead, Local 894 offered to waive its own right to seek injunctive relief in exchange for a benefit that would flow to its members. As such, at no time did Local 894 offer to waive the rights of its members.

The Court also finds persuasive the authority relied upon by the Mangano Law Office in its opposition, *Ganobsek v. Performing Arts Center Authority*, 2000 WL 390106 (S.D.Fl. Mar. 24, 2000). In arguing that counsel should be disqualified in that matter, the business defendant

argued as follows:

> Defendant's first argument is that counsel "cannot exercise independent professional judgment" because they are acting at the direction and behest of the Union president, Mr. Falzarano, rather than in the best interests of their clients. In support of its position, defendant submits affidavits from its attorneys stating that Mr. Falzarano: (1) offered to make the lawsuit "go away" if the contract was resolved and (2) threatened to stall the collective bargaining contract negotiations until the instant lawsuit was settled. (See Nerenhausen Aff., ¶10; Wilson Aff., ¶10). Furthermore, during discussions between attorneys regarding the addition of plaintiffs, defendant claims counsel said they had to "check with the Union President prior to responding to Defendant's proposals." (Wilson Aff., ¶13). Also, Mr. Falzarano is copied on settlement agreements between the parties. ( Id., ¶15).

*Id.* at *2. In rejecting these arguments, the *Ganobsek* court noted: "defendant's contention that plaintiffs and the Union's interests are divergent is mere speculation; plaintiffs are members of the Union and both groups seek the same goal of overtime wage repayment."  *Id.* at *3.

ARL contends that *Ganobsek* is distinguishable because the union was not a party in that action and because there is actual evidence herein that Local 894 is controlling the Mangano Law Office. First, the fact that Local 894 is a party in this matter does not contribute to a potential conflict. If anything, it alleviates such a conflict. As noted above, this Court must approve any settlement reached in this matter with the individual plaintiffs. Thus, any alleged risk that Local 894 will somehow undermine the claims of the individuals is entirely eliminated.

Second, ARL misconstrues *Ganobsek*'s discussion of the allegation that the union president was controlling aspects of the case. In *Ganobsek*, the business defendant contended that the union president was controlling *the litigation*. The court found no evidence of such control. In contrast, ARL seeks to argue that Local 894 is controlling the Mangano Law Office. Of course, there can be no doubt that Local 894 directed the Mangano Law Office to take certain actions – it employed the firm for that very reason, to act at its behest. As the firm in *Ganobsek* had both the union and the employees as its clients, there is no question that counsel in that matter

also took direction from the union at some point in time.  This fact did not play a role in the Court's analysis.  If the Court were to adopt this argument, it would effectively eliminate all concurrent representation.   The Court declines to do so.

ARL's arguments that a conflict of interest exists are simply unavailing.  There is no question that Local 894 had the right to negotiate with ARL prior to the commencement of suit.  The fact that Local 894 proposed a settlement that provided a monetary benefit to its members outside of the realm of the FLSA does not somehow create an irreconcilable conflict with its members that ultimately choose to pursue their FLSA rights, and ARL has offered no law that would suggest otherwise.

Similarly, ARL's arguments that Local 894 should be severed from the individual plaintiffs and that the Mangano Law Office cannot adequately represent the class in this collective action are rejected.   Now that litigation has commenced, there can be no dispute that Local 894 and its members "seek the same goal of overtime wage repayment."  *Ganobsek*, *supra*.  Any assertions that a conflict exists are speculative.   The sole argument that a conflict exists centered upon the settlement offer by Local 894.  Having rejected that this offer created a conflict, the motion to disqualify is DENIED.

A telephone status conference is hereby scheduled for **August 7, 2012 at 1:30 p.m.** Counsel only need participate.  Plaintiff's counsel to initiate the call to the Court at (330) 252-6070 with defense counsel on the line.

IT IS SO ORDERED.

July 27, 2012                                                          */s/ John R. Adams*
Dated                                                                     JUDGE JOHN R. ADAMS
                                                                                United States District Judge